# Exhibit E

Joseph Ferguson

Office of the Inspector General

City of Chicago

740 N. Sedgwick

Chicago, Illinois

TO     Joseph Ferguson, Office of the Inspector General

FROM   Glenn Evans : ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

SUBJECT Request for Investigation: Independent Police Review Authority

The undersigned is requesting that your office initiates an investigation be initiated focusing on the office of the Independent Police Review Authority

An investigation is warranted due to operational practices of IPRA , some of which violated, or continues to violate city of Chicago ordinance; state of Illinois criminal law; possible violations of federal law; and various state of municipal laws and policies relative to personnel practices.

Specific practices of IPRA that warrant investigation, review and scrutiny include, but is not limited to the following general and specific allegations of misconduct

Incompetence and malfeasance in the administration and investigation of complaints against members of the Chicago Police Department, including myself

Allegations of impropriety in that reports and investigations are initiated, modified and falsified in an effort to provide a favorable environment for adverse personnel and or criminal proceedings against certain department members

Allegations of impropriety in that certain IPRA investigators, supervisors, and administrators including but not limited to Scott ANDO and Larry MERRITT, in their failure to ensure the undertaking of fair , impartial investigations ( ANDO) engendered a hostile work environment directed towards myself, and other sworn members of the Chicago Police Department by encouraging retaliatory punitive actions be directed at myself and other sworn members ( ANDO).

IPRA further engendered a hostile work environment by employing the media to embark on a smear campaign, by publicizing erroneous and incomplete investigative materials to the media, to inflict reputation and emotional damage to myself, Police Officer Maurice Anderson, and others.

Allegations of impropriety in that certain case files information are steered towards certain attorneys and law firms , in exchange for political, fiduciary, or other considerations

Allegations of impropriety in that confidential and sensitive case file documents, some of which constitute crucial evidence in ongoing confidential investigations, are released, without authorization, to media personnel and outside venues

# Exhibit 3

Allegations of impropriety in that IPRA, by certain actions and outcomes of their investigative process, relative to those complaints , in that IPRA recommended unwarranted disciplinary findings against myself and other Chicago Police Officers which were subsequently reversed via administrative or circuit court appeal

Allegations that IPRA retained and released complaint register investigations and other documents of a disciplinary nature that should have been destroyed, per state labor laws, to the media, in an effort to smear the reputation of myself and other Chicago Police Officers, and solicit inquiries by plaintiffs attorneys relative to the previous allegations stated beforehand.

Specific as to myself

IPRA violated municipal ordinance in engaging in a criminal investigation ( including the acquisition and interpretation) of dna evidence without requisite training and authority.

IPRA failed to disclose to the defense counsel, and the states attorney, any exculpatory evidence and information including, but not limited to  the criminal investigation of Martrice CAMPBELL

The Independent  Police Review Authority, in the investigation of the complaint of Rickey WILLIAMS, and the ongoing criminal trial, committed  violations of multiple departmental rules, municipal ordinances, and possibly state and federal criminal statutes, committed the following, or engaged in the following activities and practices

Investigator Vincent JONES committed perjury during the execution of a deconfliction statement prior to, or during the investigation of the complaint of Rickey Williams by stating he was able to fairly and impartially conduct the investigation when in fact JONES and myself has had prior adversarial contact relative to previous investigations of former police department members Eddie HOWARD and Sylshina LONDON.

HOWARD was specifically targeted for enhanced administrative and prosecutorial sanctions for allegedly striking the child of an IPRA employee.

I was called to support the defense of LONDON in a previous matter, in which JONES was the investigator, and during the course of the investigation recommended a sustained finding.

 Investigator Vincent JONES falsely reported the purpose of the request to process the weapon of myself to the internal affairs division of the Chicago Police Department

JONES failed to follow protocol in ensuring the dna was properly processed and validated prior to recommendation of , and referral to criminal prosecution.

JONES falsified and modified certain reports relative to the ongoing investigation

Investigator Martrice CAMPBELL, similarly committed perjury by failing to divulge a conflict in her assumption of secondary investigator in regards to the Williams investigation.

CAMPBELL did not recuse herself as an investigator in this matter, despite being the subject of a disciplinary investigation in which I referred a complaint against her for misconduct in which she

received subsequent disciplinary action, during my assignment to the 002nd police district in 1999. Campbell was a civilian secretary assigned to the district commanders office.

ANDO, and other supervisory and administrative staff of IPRA failed to take any action against CAMPBELL , and allowed her to retain a sensitive position as a misconduct investigator, despite

CAMPBELL alleged to have battered Police Department personnel, in which she has been named as a defendant in two lawsuits by Chicago Police Officer Mary Via

CAMPBELL is alleged to have engaged in harassing and threatening activities against a fellow IPRA investigator ( Kym REYNOLDS), in that among other actions, Campbell was alleged to have attempted to run over and strike REYNOLDS with her vehicle outside the offices of IPRA, which resulted in the criminal investigation of CAMPBELL, which was obscured from both my counsel and the states attorneys office.

CAMPBELL is alleged to have improperly received pay despite multiple absences  from duty, during a time frame of  2009 and ongoing

It is alleged that Campbell escapes meaning discipline and or punitive measures due to an alleged familial relationship with the STROGER family, and the ANDO and other IPRA supervisors and administrators are hesitant due to political influence.

CAMPBELL also falsified her qualifications as a city of Chicago IPRA Investigator via her online Linkedin profile by claiming to be a 27 year IPRA investigator when in fact she has been assigned to IPRA within the past four years, in doing so, bringing discredit to the city of Chicago  ( see  following)



## There's more to see...

## Join LinkedIn to see the rest of what's here.

- Continue
- Sign in



# Martrice Campbell, MBA

Investigator

Location
	Greater Chicago Area
Industry

|   |   | Law Enforcement |
|---|---|---|
| Current | 1. | City of Chicago - Independent Police Review Authority |
| Education | 1. | Saint Xavier University |

**136** connections

Join LinkedIn & access Martrice's full profile

Join LinkedIn & access Martrice's full profile



**136** connections

## City of Chicago - Independent Police Review Authority

Investigator

Starting January 1988

**Background**

### Experience

#### Investigator

**City of Chicago - Independent Police Review Authority**

January 1988 – Present (27 years 5 months)Greater Chicago Area

### Skills

- Investigation
- Evidence
- Enforcement
- Criminal Justice
- Criminal Investigations
- Emergency Management
- Private Investigations

- Surveillance
- Firearms
- Law Enforcement...
- Police
- Law Enforcement
- Public Safety

# Courses

## Independent Coursework

- Internal Affairs Investigations-Suburban Law Enforcement Academy (SLEA)
- Interview and Interrogation-Northeast Counterdrug Training Center (NCTC)

# Education

## Saint Xavier University

**Master of Business Administration (M.B.A.),** Workforce Development and Training

2004 – 2006

## Suburban Law Enforcement Academy (SLEA)

IPRA and media based retaliation

I am requesting that the IPRA is specifically investigated for releasing, without authorization, confidential and sensitive information to various media venues.

The motives behind the releases are as stated beforehand.

IPRA has displayed a pattern of this misbehavior by

Release of erroneous, misinterpreted information regarding the DNA sample to WBEZ reporter Chip Mitchell

Continued release of erroneous incomplete complaint investigations to multiple media venues, despite a judicial order secured by the Fraternal order of Police, prohibiting the release of similar documents

Release of a disciplinary finding by the Chicago Police Board relative to a complaint against Chicago Police Officer Maurice ANDERSON, to the media.

The release of ANDERSON's information was IPRA's retaliatory response to an favorable ruling in ANDERSON' favor, countermanding a disciplinary recommendation by IPRA as well my earlier non concurrence with IPRA'S findings and recommendations in the same matter.

The release of information supporting an VICE article, published May 15th 2015, smearing myself and other current and former police personnel as well. This article was immediately released following an

complaint investigation by IPRA concerning a 2011 allegation against myself; this investigation commenced on MAY 14TH 2015.

FURTHER PATTERNS OF IPRA RETALIATORY INVESTIGATION

Between March 12th, 2015 and May 14th, 2015, IPRA requested a statement from myself relative to an allegation made regarding an incident that commenced in November of 2011.

IPRA, in an effort to bolster the case of the states attorney in the ongoing criminal trial, phrased the false allegations of the complainant Jose GARCIA, a former Cook County Deputy Sheriffs and convicted felon to parallel and reflect that of Rickey WILLIAMS, in an effort to conjure a " pattern of misconduct"

IPRA, after being advised by myself that I would be unable to appear before April 9th due to medical issues recurring from an IOD injury, and inability to secure counsel, falsely and maliciously added on additional allegations alleging that I intentionally failed to cooperate in an ongoing investigations.These allegations were made in response to my asserting my fifth amendment rights; and exercising my right to secure counsel, and despite twelve phone calls to IPRA advising them of my efforts at accommodating their investigation. Counsels Dean and Laura MORASK has also made numerous efforts to schedule the IPRA appearance during the indicated time span.

IPRA is further alleged to have further obstructed the speedy process of trial in that upon being requested to submit files to Circuit Court Judge Diane CANNON, prior to her ruling scheduled April 14th on the admissibility of the file content, IPRA failed to deliver the files to Judge CANNON in a timely manner. IPRA did not deliver the files to Judge CANNON until April 13th, impeding her efforts to review the files and administer a ruling on the aforementioned date.

SUMMARY

I am requesting an investigation into the activities and practices of IPRA, and the personnel named within.

I am submitting this request to your office with much trepidation as it has been my experience that I have incurred retaliatory actions following submitting previous complaints against elected officials ( ) and city employees ( ) . The outcome of these investigations are unknown. You may contact me via email or at . Thank you.