UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLENN EVANS,

          Plaintiff,

    v.

CITY OF CHICAGO, and DONALD J.
O'NEILL,

          Defendants.

No. 17 CV 5122

Judge Manish S. Shah

ORDER

Defendants' motion to dismiss, [9], is granted. The motion to withdraw as attorney, [29], is granted. The clerk shall terminate William Martin's appearance on behalf of plaintiff. Enter judgment and terminate civil case.

STATEMENT

Plaintiff Glenn Evans brings this action against his employer, the City of Chicago, and one of its employees, Donald O'Neill, and alleges claims of First Amendment retaliation, race discrimination, and a violation of the Illinois Whistleblower Act. *See* 42 U.S.C. §§ 1981(a), 1983; 740 ILCS 174/1, *et seq.*[1] The narrative of plaintiff's complaint begins in January 2013, when plaintiff, along with other Chicago Police Department officers, arrested Rickey Williams. [1] ¶ 20.[2] A few days after the arrest, Williams filed a complaint with the Independent Police Review Authority, alleging that plaintiff "shoved a gun down his throat" and "held a taser to his groin." *Id.* ¶¶ 21, 25. Plaintiff says he never shoved a gun down Williams's throat, and that he was not carrying a taser on the day of Williams's arrest. *Id.* ¶¶ 26–27. More than a year and a half later, plaintiff was charged with two counts of aggravated battery with a deadly weapon and seven counts of official misconduct. *Id.* ¶¶ 30–31.

In May 2015, plaintiff filed a complaint with the City's Office of the Inspector General concerning the "systemic corruption and malfeasance within IPRA that

---

[1] Section 1981 does not provide a private right of action against state actors. *Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014).

[2] Bracketed numbers refer to entries on the district court docket.

ultimately contaminates and compromises any investigation it is charged to conduct into police misconduct." *Id.* ¶¶ 33–34. Plaintiff said that IPRA leaked confidential information to the media about his investigation and that civilian investigators, who had conflicts of interest, participated in his investigation. *Id.* ¶ 35.

On December 14, 2015, the Circuit Court of Cook County found plaintiff not guilty of the criminal charges. *Id.* ¶ 36. Approximately four months later, plaintiff returned to work at CPD. *Id.* ¶ 39. Upon returning to work, plaintiff learned he was demoted from Commander to Lieutenant, he was removed from active police duty, and he was assigned to a "desk job" against his wishes. *Id.* ¶ 40. He was denied back pay and denied restoration of all compensatory time taken, medical benefits lost, and the loss of seniority. *Id.* ¶ 41. He also says that senior management bullied him to retire; that he was threatened with additional investigations, possible federal prosecution, and termination if he did not voluntarily retire. *Id.* ¶¶ 42–43.

Based on these facts—that defendants allowed plaintiff to be indicted on felony charges, demoted him, removed him from active police duty, bullied him to retire, and denied him back pay and related benefits—plaintiff says that defendants retaliated against him for engaging in protected speech (filing a complaint with the OIG), that defendants discriminated against him based on his race, and that defendants created a hostile work environment. *Id.* ¶¶ 52–54, 65–67, 83, 87–88. Plaintiff also says that defendants willfully violated the Illinois Whistleblower Act. *Id.* ¶ 93. The statute prohibits an employer from retaliating against an employee who "discloses information in . . . an administrative hearing, . . . or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 175/15.

Defendants argue that plaintiff's lawsuit is barred by *res judicata*; alternatively, defendants argue that the retaliation claims should be dismissed for failing to state a claim, and that the state-law whistleblower claim should be dismissed as time-barred and for improperly naming an individual defendant. [9] at 2.

Previously, on July 28, 2016, Evans filed an action against the City of Chicago and several of its employees. *See Evans v. City of Chicago*, No. 16 CV 7665, 2017 WL 1954544, at *1 (N.D. Ill. May 11, 2017) ("*Evans I*"). In *Evans I*, the complaint included two federal claims under 42 U.S.C. § 1983 for retaliatory inducement to prosecute and for retaliatory prosecution, and four state-law claims. In *Evans I*, I granted the defendants' motion to dismiss, and I gave plaintiff leave to file an amended complaint. Instead, plaintiff moved for a voluntary dismissal of his complaint with prejudice as to his federal claims and without prejudice as to his

state-law claims. I granted plaintiff's motion and entered final judgment against plaintiff in *Evans I*. Approximately one month later, plaintiff filed this lawsuit.

*Res judicata* (claim preclusion) bars litigation when three elements are satisfied: (1) there is an identity of the parties or their privies; (2) there is an identity of the cause of action; and (3) there is a final judgment on the merits. *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008). The doctrine bars claims that could have been decided in a previous suit. *Nevada v. United States*, 463 U.S. 110, 129–30 (1983). Claim preclusion is an affirmative defense that should be raised through a motion for judgment on the pleadings under Rule 12(c). *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014). Where, as here, matters of public record provide the necessary information to decide whether claim preclusion applies and no further information or discovery is necessary, the technical distinction between Rules 12(b)(6) and 12(c) is of no consequence.[3] *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010).

Plaintiff contests defendants' ability to establish the first element for two reasons: (1) because O'Neill[4] was not a party in *Evans I* and he is not in privity with the City; and (2) because plaintiff sued two different organizations, IPRA in *Evans I*, and CPD in this action. Defendants argue that the City and O'Neill are in privity given that plaintiff's lawsuit is predicated on the idea that O'Neill carried out the City's unlawful scheme to discriminate and retaliate against him, and, therefore, the City's and O'Neill's interests are the same here. Defendants also point to the well-established principle that "[a] government and its officers are in privity for purposes of *res judicata*." *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983) (collecting cases).

With respect to plaintiff's contention regarding IPRA and CPD, defendants argue that plaintiff has articulated a distinction without a difference—both IPRA and CPD are part of the City, and they both act on the City's behalf. *See, e.g.*, *Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995) (no distinction between the City itself and the City's Personnel Board); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 636 (7th Cir. 2004) (there is an agency relationship, and thus privity for purposes of *res judicata*, between the Village and the Police Pension Board). Similarly, defendants note that courts do not recognize organizational divisions of the City, like CPD, as separate entities that can be sued in their own right. *See, e.g.*, *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) ("The Chicago Police Department was dismissed because it was not a suable entity.").

---

[3] Plaintiff does not object to defendants raising the defense in a Rule 12(b)(6) motion.

[4] O'Neill was the Director of Human Resources for CPD. [1] ¶ 17.

I agree with defendants on both issues. There is privity between parties when the parties' interests are so closely aligned that they represent the same legal interests. *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 688 (7th Cir. 1986). In *Evans I*, the City defended itself against plaintiff's allegations that its agents retaliated against him for complaining to the OIG and for refusing to retire. The City's agents in *Evans I* included members of IPRA and plaintiff's "superiors" at CPD. *See Evans I*, [1] ¶¶ 127, 129–131. Although plaintiff did not explicitly include O'Neill in that complaint, I find that O'Neill was "readily interchangeable" with plaintiff's other superiors and the City's agents at CPD. *See Serv. Employees Int'l Union Local 1 v. Digby's Detective & Sec. Agency, Inc.*, No. 08 C 5544, 2009 WL 721003, at *3 (N.D. Ill. Mar. 18, 2009) (citing *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 131 (7th Cir. 1996) (finding president of organization to be in privity with organization)). Thus, O'Neill and the City share the same legal interests and are in privity.[5] Moreover, IPRA and CPD are not separate legal entities; they are organizational divisions of the City. Since plaintiff named the City as a defendant in both *Evans I* and this action, there is an identity of parties.

As for the second element, plaintiff argues that the factual allegations are not the same in *Evans I* and this action. According to plaintiff, *Evans I* sought to redress the allegations and actions that led to his criminal trial, whereas this action seeks to address the acts of race discrimination and retaliation that he endured upon returning to CPD for work. Plaintiff emphasizes that the events underlying *Evans I* took place before December 14, 2015, and the events underlying this action take place after April 25, 2016.[6] Plaintiff argues that this action cannot be barred by *res judicata* even though he knew about defendants' intentional discrimination and hostile work environment at the time he filed *Evans I*, and that it is "inconsequential" that he alleged retaliation in both *Evans I* and this action. He cites *Alanis v. Metra* for these propositions. [21] at 7 (citing No. 13 CV 5962, 2016 WL 464043 (N.D. Ill. Feb. 8, 2016)).

In *Alanis*, I concluded that *res judicata* did not bar Alanis's discrimination and retaliation claims because even though she knew about the factual bases for those claims at the time she filed the prior lawsuit, the occurrences that gave rise to

---

[5] Plaintiff named O'Neill in his official capacity (in part), which is simply another way of suing the City itself. *See Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008).

[6] This assertion is inaccurate. The complaint in *Evans I* discusses events that took place on and after April 25, 2016, including plaintiff's return to work, his assignment to the "Medical Section," his denial of back pay, and pressure from his superiors to retire. *See Evans I*, [1] ¶¶ 124–27.

the two lawsuits constituted "distinct transaction[s]." 2016 WL 464043, at *6. Alanis's discrimination and retaliation claims did not need to be joined in her earlier action because they did not arise from the same transaction, which is the key inquiry for *res judicata. Id.*; *see also Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914 (7th Cir. 1993) (citing *LaSalle Nat. Bank of Chicago v. Cty. of DuPage*, 856 F.2d 925, 933–34 (7th Cir. 1988)).

Defendants argue that unlike *Alanis*, *Evans I* and this action share the same set of operative facts and they arise from the same transaction. I agree. The complaint in *Evans I* includes information that is not contained in the complaint in this action—it discusses the animosity of an IPRA member against plaintiff, plaintiff's role in processing Rita King after she was arrested, King's subsequent excessive force lawsuit against Evans, IPRA's mishandling of the investigation into Williams's complaint, and negative media attention about Evans. Nevertheless, many of the other factual allegations in the *Evans I* complaint are substantially similar to those in the complaint in this action: plaintiff's arrest of Williams, Williams's complaint with IPRA, conflicts of interest within IPRA, the leak of confidential information to the media, plaintiff's complaint to the OIG, and defendants pressuring plaintiff to retire. *See, e.g., Evans I*, [1] ¶¶ 48–51, 64, 88, 112–16, 121–27, 130. Although plaintiff used the factual allegations in *Evans I*, in relevant part, to argue that IPRA officials harbored animus against him for complaining to the OIG and for returning to work at CPD instead of retiring, plaintiff also could have used those same facts to raise all of the claims in this action. The federal claims in *Evans I* arise from the same set of facts as do the federal discrimination and retaliation claims, and the Illinois Whistleblower Act claim. When plaintiff filed suit in July 2016, and alleged claims that depended on the facts of his reinstatement and continued employment at CPD, he could have brought the claims he now brings in this lawsuit. As such, defendants established the second element of claim preclusion.

Plaintiff does not dispute that the third element is satisfied. Indeed, final judgment was entered in *Evans I* after I granted plaintiff's motion for voluntary dismissal with prejudice as to his federal claims, and the time to appeal that judgment has passed. Since all three elements are satisfied here, plaintiff's lawsuit is barred by *res judicata*. Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice. I do not reach defendants' alternative arguments concerning the dismissal of Counts I, III, and V.

ENTER:

Date:  12/18/17

_____
Manish S. Shah
U.S. District Judge